IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEXTEL OPERATIONS, INC. and SPRINT SPECTRUM L.P.,<br><br>Defendants. | Civil Action No. 1:13-cv-01634-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC.; SBC INTERNET SERVICES, INC.; and WAYPORT, INC.<br>Defendants. | Civil Action No. 1:12-cv-00193-LPS<br><br>JURY TRIAL DEMANDED |

## OPENING BRIEF IN SUPPORT OF NOVATEL WIRELESS, INC.'S MOTION TO INTERVENE

Arthur G. Connolly III (#2667)
Ryan P. Newell (#4744)
Kelly M. Conlan (#4786)
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, Delaware 19801
Tel: (302) 757-7300
Fax: (302) 757-7299
aconnolly@connollygallagher.com
rnewell@connollygallagher.com
kconlan@connollygallagher.com

Dated: December 12, 2013      *Attorneys for Novatel Wireless, Inc.*

# TABLE OF CONTENTS

I. NATURE OF THE PROCEEDINGS ............................................................................... 1

II. SUMMARY OF ARGUMENT ...................................................................................... 1

III. STATEMENT OF FACTS ............................................................................................. 2

IV. NOVATEL WIRELESS SHOULD BE PERMITTED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(A)(2) ............................................... 3

    A. Parties that Meet the Requirements of FRCP 24(A)(2) Must be Granted Permission to Intervene .................................................................................... 3

    B. Novatel Wireless's Motion to Intervene Is Timely ........................................... 4

    C. Novatel Wireless Has a Significant Interest in this Lawsuit ............................. 6

    D. Denying Novatel Wireless's Motion to Intervene Will Impair or Impede Novatel Wireless's Ability to Protect Its Interests ............................................ 8

    E. Sprint and AT&T Cannot Adequately Represent Novatel Wireless's Interest in Defending Against IV's Infringement Allegations ..................................... 10

V. IN THE ALTERNATIVE, NOVATEL WIRELESS SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY .................................................................................. 11

VI. CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

## Cases

*American Farm Bureau Federation v. U.S. E.P.A.*,
   278 F.R.D. 98 (M.D. Pa. 2011) ............................................................. 5, 8, 9, 10, 11

*Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*,
   2008 WL 4326788 (C.D. Cal. Sept. 22, 2008) ............................................. 8, 10

*Brody v. Spang*,
   957 F.2d 1108 (3rd Cir.1992) ............................................................. 11

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.*,
   296 U.S. 53 (1935) ............................................................. 7

*CSX Transp., Inc. v. City of Philadelphia*,
   2005 WL 1677975 (E.D. Pa. 2005) ............................................................. 6

*Cyrix Corp. v. Intel Corp.*,
   846 F.Supp 522 (E.D. Tex 1994) ............................................................. 7

*Development Fin. Corp. v. Alpha Housing & Health Care*,
   54 F.3d 156 (3rd Cir. 1995) ............................................................. 8

*Durango Associates, Inc. v. Reflange, Inc.*,
   843 F.2d 1349 (Fed. Cir. 1988) ............................................................. 7

*Ericsson Inc. v. InterDigital Communications Corp.*,
   418 F.3d 1217 (Fed. Cir. 2005) ............................................................. 3

*Harris v. Pernsley*,
   820 F.2d 592 (3rd Cir. 1987) ............................................................. 4, 8

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*,
   2005 WL 2465898 (D. Del. May 18, 2005) ............................................................. 6, 10

*Honeywell Intern. Inc. v. U.S.*,
   71 Fed. Cl. 759 (Fed. Cl. 2006) ............................................................. 9

*In re Stingfree Technologies Co.*,
   427 B.R. 337 (E.D. Pa 2007) ............................................................. 4, 5

*Int'l Bus. Machs. Corp. v. Conner Peripherals, Inc.*,
   1994 WL 706208 (N.D. Cal. Dec. 13, 1994) ............................................................. 7, 12

*Kitzmiller v. Dover Area Sch. Dist.*,
   229 F.R.D. 463 (M.D. Pa. 2005) ............................................................. 11

*Kleissler v. U.S. Forest Service*,
  157 F.3d 964 (3rd Cir.1998) ............................................................................................. 6, 10

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
  419 F.3d 216 (3rd Cir. 2005) ...................................................................................... 3, 6, 8, 9

*Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*,
  72 F.3d 361 (3rd Cir. 1995) .................................................................................................. 4, 5

*N.L.R.B. v. Frazier*,
  144 F.R.D. 650 (D.N.J. 1992) ................................................................................................. 4

*Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*,
  223 F.R.D. 326 (D.N.J. 2004) ................................................................................................. 5

*Reid v. General Motors Corp.*,
  240 F.R.D. 257 (E.D. Tex. 2006) .......................................................................................... 11

*Stewart-Warner Corp. v Westinghouse Elec. Corp.*,
  325 F.2d 822 (2nd Cir. 1963) .................................................................................................. 7

*Teague v. Bakker*,
  931 F.2d 259, 262 (4th Cir. 1991) ......................................................................................... 10

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972) ................................................................................................................ 10

*U.S. v. Alcan Aluminum, Inc.*,
  25 F.3d 1174 (3d Cir. 1994) .................................................................................................... 4

*United States v. Oregon*,
  913 F.2d 576 (9th Cir. 1990) ................................................................................................... 4

*Utah Ass'n of Counties v. Clinton*,
  255 F.3d 1246 (10th Cir. 2001) ............................................................................................... 8

*V & S Ice Machine, Company, Inc. v. Eastex Poultry Co.*,
  381 F.2d 303 (5th Cir. 1967) ................................................................................................... 7

**Other Authorities**

7C Wright, Miller & Kane, Federal Practice & Procedure § 1916, at 424 (1986) ........................ 4

**Rules**

Del. Local Rule 7.1.1 .......................................................................................................................1

Fed. R. Civ. P. 24 .......................................................................................................... 3, 7, 10, 11

I.  **NATURE OF THE PROCEEDINGS**

Novatel Wireless, Inc. ("Novatel Wireless") seeks leave to intervene in the two above-captioned patent cases, which accuse Novatel Wireless customers Sprint and AT&T of patent infringement based on Novatel Wireless products.[1] These lawsuits, filed by Plaintiff Intellectual Ventures I LLC ("IV") against Sprint and AT&T entities, are two in a number of suits that were originally filed as one action and subsequently severed. Case No. 1:12-cv-00193-LPS, *D.I.* 59. In both the Sprint and AT&T matters, IV has accused Novatel Wireless products of infringing the same four patents. Thus, pursuant to Federal Rule of Civil Procedure ("Rule") 24, Novatel Wireless hereby moves to intervene in the two above actions as of right or, alternatively, to intervene permissibly, in order to defend its products against IV's infringement allegations.[2]

II. **SUMMARY OF ARGUMENT**

Novatel Wireless should be permitted to intervene because IV has accused Novatel Wireless products of infringing the asserted patents-in-suit. Specifically, in IV's action against Sprint, IV alleges that the Novatel Wireless MiFi 4082, MiFi 2200, and MiFi 500 LTE infringe U.S. Patent Nos. 5,557,677 (the "'677 patent"), 6,977,944 (the "'944 patent") and 7,343,011 (the "'011 patent") and that the Novatel Wireless MiFi 4082 and MiFi 500 LTE infringe U.S. Patent No. 7,136,392 (the "'392 patent"). And in IV's action against AT&T, IV alleges that the Novatel Wireless MiFi2372 and MiFi Liberate (also known as the "MiFi 2") infringe the '677

---

[1] The original action (C.A. 12-cv-193-LPS) was severed into eight actions which remain on a coordinated schedule. C.A. 1:12-cv-00193, *D.I.* 59. For the Court's convenience, Novatel Wireless has filed identical briefs in both of the above captioned matters in which it seeks intervention. In accordance with Federal Rule of Civil Procedure 24(c), Novatel Wireless' proposed Complaints in Intervention are attached as Exhibits 4 and 5.

[2] Pursuant to Civil Local Rule 7.1.1, counsel avers that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. Sprint and AT&T do not oppose this motion. IV opposes.

patent, '944 patent, and '011 patent, and that the MiFi Liberate also infringes '392 patent. IV further alleges that Sprint and AT&T infringe the '677, '944, '011, and '392 patents by using, offering for sale, selling, and/or importing these MiFi products. Novatel Wireless designs, develops and sells the accused MiFi products to Sprint and AT&T, which in turn resell the products to their customers for use on their respective cellular networks. Because IV's infringement allegations have put Novatel Wireless's products directly at issue in this action, Novatel Wireless should be permitted to intervene and protect its interests in this case firsthand.

Permitting Novatel Wireless to intervene at this stage of the proceedings is appropriate and will not cause undue prejudice to the parties, or result in a delay of the Court's schedule. The cases are in the early stages, and Novatel Wireless's request is timely. The Court recently issued a case scheduling order on October 11, 2013. As discussed below, most of the significant case deadlines are far enough in advance to allow Novatel Wireless to meaningfully participate in this litigation and defend its accused products against IV's allegations of infringement. Accordingly, Novatel Wireless respectfully requests that the Court grant its Motion to Intervene.

### III. STATEMENT OF FACTS

The above-captioned matters are two in a number of actions filed by IV involving the same patents-in-suit. On October 1, 2013, IV filed Second Amended Complaints accusing Sprint and AT&T of infringing twelve patents, including the '677 patent (entitled "Method and arrangement for communication of information"), the '944 patent (entitled "Transmission protection for communications networks having stations operating with different modulation formats"), the '392 patent (entitled "System and method for ordering data messages having differing levels of priority for transmission over a shared communication channel"), and the '011 patent (entitled "System and method for ordering data messages having differing levels of priority for transmission over a shared communication channel"). While IV's Complaints fail to

identify a single product that infringed any of these patents, IV claimed generally that "mobile personal hotspots" infringed at least the '677, '944, '392, and '011 patents. C.A. No. 13-1634 (LPS), *D.I. 3* (Second Amended Complaint) at ¶¶ 81, 82, 86, 87, 91, 92, 96, 97; C.A. No. 12-cv-193-LPS, *D.I. 91* (Second Amended Complaint) at ¶¶ 97, 98, 103, 104, 109, 110, 116, 117.

On September 30, 2013, IV served "Plaintiff's Initial Disclosure of Asserted Patents and Accused Instrumentalities" for Sprint and AT&T. In its Disclosure, IV told Sprint that the Novatel Wireless MiFi 4082, MiFi 2200, and MiFi 500 LTE infringe the '677, '944, and '011 patents, and that the Novatel Wireless MiFi 4082 and MiFi 500 LTE infringe the '392 patent. Exhibit 1, pp. 19, 20, 23 and 24. And in IV's action against AT&T, IV alleges that the Novatel Wireless MiFi 2372 and MiFi Liberate (also known as the "MiFi 2") infringe the '677 patent, '944 patent, and '011 patent, and that the MiFi Liberate also infringes '392 patent. Exhibit 2, p. 27, 33, 36, 42. Novatel requests permission to intervene in this lawsuit in order to defend its products, which IV has accused of infringing the patents-in-suit.

IV.  **NOVATEL WIRELESS SHOULD BE PERMITTED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(A)(2)**

  A.  **Parties that Meet the Requirements of FRCP 24(A)(2) Must be Granted Permission to Intervene**

Novatel Wireless should be permitted to intervene as a matter of right. Federal Rule of Civil Procedure 24 requires a Court to allow intervention by a party demonstrating: (1) timeliness; (2) sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) inadequacy of protection of the movant's interest by the existing parties. *See* Fed. R. Civ. P. 24(a)(2); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3rd Cir. 2005); *Ericsson Inc. v. InterDigital Communications Corp.*, 418 F.3d 1217, 1221 (Fed. Cir. 2005) (intervention is a procedural matter not unique to patent law, and therefore regional circuit law controls). A very strong

showing that one of these four requirements is met may result in requiring a lesser showing of another requirement. *Harris v. Pernsley*, 820 F.2d 592, 596 (3rd Cir. 1987). Rule 24(a), moreover "is to be liberally construed in favor of intervention." *N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (citing *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990)). Here, the four part test is readily met. Each prong is discussed in turn below.

### B. Novatel Wireless's Motion to Intervene Is Timely

Novatel Wireless's request to intervene is timely. A determination of timeliness is based on all the circumstances, including the stage of the litigation, prejudice to the parties from any delay, and the reason for any delay. *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3rd Cir. 1995).[3] All of these considerations point to timeliness.

*First*, in determining timeliness, the pivotal question is "what proceedings of substance on the merits have occurred?" *Mountain Top*, 72 F.3d at 369. Here, the cases are in preliminary stages and very few proceedings (if any) on the merits have occurred. Novatel Wireless's motion comes just two months after IV filed its amended complaints, and the issuance of the scheduling order. C.A. No. 1:13-cv-01634-LPS, *D.I. 3*, 5; C.A. No. 12-cv-193-LPS, *D.I. 91*. Pursuant to the scheduling order, motions to join other parties are not due until March 5, 2014. The deadline for claim construction is months away, and a Markman hearing is not scheduled until July 10, 2014. Fact discovery closes over a year from now. Given the early stage of this litigation, Novatel Wireless's motion is timely. *See American Farm Bureau Federation v. U.S.*

---

[3] Moreover, the Third Circuit has noted that "'[s]ince in situations in which intervention is of right the would-be intervenor may be seriously harmed if he is not permitted to intervene, courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the intervention were merely permissive. *Mountain Top Condominium Ass'n*, 72 F.3d at 369 (citing 7C Wright, Miller & Kane, Federal Practice & Procedure § 1916, at 424 (1986)); *see also In re Stingfree Technologies Co.*, 427 B.R. 337, 347 (E.D. Pa 2007) (citing *U.S. v. Alcan Aluminum, Inc.* 25 F.3d 1174, 1182 (3d Cir. 1994) ("where a party takes reasonable steps to protect its interest, its application should not fail on timeliness grounds").

4

*E.P.A.*, 278 F.R.D. 98, 104 (M.D. Pa. 2011) (motion for intervention filed less than three months after amended complaint was timely); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 223 F.R.D. 326, 328 (D.N.J. 2004) (motion by company claiming to own patents were timely even though made mid-trial because re-litigation of issues not required); *In re Stingfree Technologies Co.*, 427 B.R. 337, 347 (E.D. Pa. 2010) (motion to intervene filed after close of appellate briefing was timely).[4]

*Second*, the stage of the proceedings (here, very early) is "inherently tied" to the question of prejudice. *Mountain Top Condominium Assoc.*, 72 F.3d at 369-370. Allowing Novatel Wireless to intervene would not prejudice the other parties, primarily because the proceedings are at such an early stage. Discovery has only just commenced, and the *Markman* hearing, much less any trial, obviously remains many months away. C.A. No. 1:12-cv-00193-LPS, *D.I.* 91. Thus, rather than give rise to any prejudice, allowing Novatel Wireless to participate will benefit the existing parties, given that Novatel Wireless is the developer of its own products, which IV has accused of infringement in these actions.

*Third*, with regard to the last timeliness factor, Novatel Wireless's motion comes as early as practicable. Novatel Wireless moved to intervene only two months after IV filed its Second Amended Complaints and served Sprint and AT&T with its Initial Disclosures, in which IV identified the Novatel Wireless MiFi products as infringing the patents-in-suit. During this period Novatel Wireless evaluated the claims alleged by IV, determined that intervention is

---

[4] By the time this motion is decided, the deadlines for initial disclosures and the production of core technical documents will have passed. Novatel Wireless will comply with those deadlines in short order. And of course, to the extent IV contends that a modification of the schedule is necessary, Novatel Wireless will work with IV and the other parties on any appropriate extensions.

appropriate, attempted to resolve IV's objections to intervention, and subsequently moved promptly to intervene.

In short, each of the three considerations governing the determination of timeliness weighs heavily in favor of allowing Novatel Wireless to intervene to defend its products.

### C. Novatel Wireless Has a Significant Interest in this Lawsuit

There can be no legitimate dispute that Novatel Wireless—the original designer, developer, and seller of five products accused of infringement—has a sufficient interest in the underlying litigation. To establish such an interest, an intervenor must demonstrate "an interest relating to the property or transaction which is the subject of the action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3rd Cir. 2005). The analysis is pragmatic, and there is no set list of qualifying interests. *CSX Transp., Inc. v. City of Philadelphia*, Case No. Civ A. 04-CV-5023, 2005 WL 1677975, **2-3 (E.D. Pa. 2005) (citing *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969-70 (3rd Cir.1998)). "[I]ntervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler*, 157 F.3d at 969-70; *see also CSX Transp.* 2005 WL 1677975 at **2-3 (noting that Courts have found that a sufficient interest exists in cases involving interference with contract rights, direct economic interests, and the potential interference with free speech rights).

Novatel Wireless has the requisite interest in this suit. Importantly, Courts routinely allow an original developer or manufacturer to intervene in cases accusing the manufacturer's products of patent infringement. In *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, 2005 WL 2465898, at *4 (D. Del. May 18, 2005), for example, the Court allowed a manufacturer to intervene in a patent infringement suit because "as a manufacturer of the product component

6

which is at the heart of these cases, it has a *compelling interest*," and further, intervention would put a willing manufacturer defendant in the forefront of litigation aimed squarely at its product" (emphasis added).

Similarly, in *Int'l Bus. Machs. Corp. v. Conner Peripherals, Inc.*, No. C-93-20117, C-93-20829, 1994 WL 706208, at *5 (N.D. Cal. Dec. 13, 1994), the Court concluded that IBM's allegations of infringement were "in effect" claims against the manufacturer of the accused products, Adaptec. *Id.* Given that Adaptec's products were accused of infringement, Adaptec had an interest necessitating its intervention:

> …Adaptec has a direct interest in the subject matter of the action. Adaptec played an important role in manufacturing and designing the controllers that allegedly infringe[]…Therefore, Adaptec's involvement is closely related to the main infringement case before the court. Adaptec, as the designer of the subject controllers should be able to present facts relevant to whether the controllers actually did infringe…

*Id.*;[5] *see also Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (manufacturer's intervention in a patent infringement action against its customers held "necessary for the protection of its interest"); *Stewart-Warner Corp. v Westinghouse Elec. Corp.*, 325 F.2d 822, 826 (2nd Cir. 1963) ("[t]here is no doubt of the propriety of … intervention" by manufacturer and vendor of defendants' equipment accused of infringement).[6]

---

[5] Adaptec's counterclaims asked the Court to decide whether it was responsible for indemnifying its customer, making the claims more attenuated than Novatel Wireless's counterclaims here, which solely involve non-infringement, invalidity and unenforceability. *Int'l Bus.Machs. Corp.*, 1994 WL 706208 at *5.

[6] *See generally Cyrix Corp. v. Intel Corp.*, 846 F.Supp 522, 524-25 (E.D. Tex 1994) (noting that manufacturer was intervenor in declaratory judgment action for non-infringement brought by customer); *Durango Associates, Inc. v. Reflange, Inc.*, 843 F.2d 1349, 1355 (Fed. Cir. 1988) (noting that manufacturer of accused devices was intervenor in patent infringement suit against a former distributor); *V & S Ice Machine, Company, Inc. v. Eastex Poultry Co.*, 381 F.2d 303, 304 (5th Cir. 1967) (noting that manufacturer of accused ice-making machine was an intervenor in

The same result is warranted here. IV's infringement allegations against Sprint and AT&T *directly* implicate Novatel Wireless's MiFi products. Novatel Wireless designed and developed these products and sold them to Sprint and AT&T for resale to Sprint's and AT&T's customers. Novatel Wireless thus has a real, and significant, interest in the underlying litigation, and should be permitted to intervene as a matter of right.

D.  **Denying Novatel Wireless's Motion to Intervene Will Impair or Impede Novatel Wireless's Ability to Protect Its Interests**

Absent intervention, Novatel Wireless's ability to protect its considerable interest in these actions will be impaired and impeded. Under this prong, the party seeking intervention must demonstrate that the underlying lawsuit represents a tangible threat to its legally protectable interest. *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 162 (3rd Cir. 1995). The Court, in determining whether such a threat exists, evaluates the practical consequences of refusing intervention. *See Harris,* 820 F.2d at 601 ("[Rule 24(a)] directs the courts to consider the practical consequences of the litigation in passing on an application to intervene as of right"). For example, this prong may be met when the movant's absence will have "a significant stare decisis effect on their claims, or if the applicants' rights may be affected by a proposed remedy." *Liberty Mut. Ins. Co.*, 419 F.3d at 226-227. The movant need only show that impairment is *possible*; hence, the burden on this prong is minimal. *American Farm Bureau Federation v. U.S. E.P.A.*, 278 F.R.D. 98, 108 (M.D. Pa. 2011) (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252-1253 (10th Cir. 2001).[7]

---

patent infringement suit brought against customer); *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. CV 08-0626, 2008 WL 4326788, at *1 (C.D. Cal. Sept. 22, 2008) (granting software manufacturer's unopposed motion to intervene in infringement case against customers based on manufacturer's software and technology).

[7] By way of example, Courts have granted intervention to the National Audubon Society because its interest in preserving birds could be impaired in a suit challenging the

8

Novatel Wireless's direct interests are threatened in this litigation because IV claims that at least five Novatel Wireless products infringe the patents-in-suit. Novatel Wireless designed the accused MiFi products and understands how they are configured, and how they operate. Third party contractors manufacture the accused MiFi products to Novatel Wireless's specifications, and Novatel Wireless provides the accused MiFi products to Sprint and AT&T as a complete and finished product. *See, e.g.*, Exhibit 3 (MiFi advertisement, reflecting a finished product). Novatel Wireless's knowledge base must be part of this litigation. In fact, in order to adequately support its infringement theories, IV will likely require design documentation, schematics, and other fundamental technical materials that it will have to obtain from Novatel Wireless.[8]

Novatel Wireless's interest in defending the accused MiFi products from allegations of infringement will, unquestionably, be impeded and impaired if it is denied the opportunity to participate in claim construction, fact development, and trial of this dispute on the ultimate question of whether a *Novatel Wireless* product infringes the asserted patents. *See Honeywell Intern. Inc. v. U.S.*, 71 Fed. Cl. 759, 765 (Fed. Cl. 2006) (granting manufacturer leave to intervene in patent infringement case because a determination of infringement would impact future litigation in which the same patent was at issue); *see also Liberty Mut. Ins. Co.*, 419 F.3d at 226-227 (intervention should be allowed when intervenor's rights may be affected by the outcome of the case). Accordingly, Novatel Wireless should be allowed to intervene and protect its interests in this case.

---

establishment of a conservation area, and have also granted intervention to a public interest group whose members' use and enjoyment of parks would be impeded by a suit challenging water flow projects in the Everglades. *American Farm Bureau Federation v. U.S. E.P.A.*, 278 F.R.D. 98, 109 (M.D. Pa. 2011).

[8] Notably, IV has already issued a subpoena to another supplier, Ericsson, for precisely these types of documents. C.A. No. 12-cv-193-LPS, *D.I. 105*.

### E. Sprint and AT&T Cannot Adequately Represent Novatel Wireless's Interest in Defending Against IV's Infringement Allegations

Novatel Wireless's significant interest in this litigation can only be adequately represented by Novatel Wireless. With respect to this last prong, an intervenor need only show that representation by the existing parties *may* be inadequate, and not that it is inadequate. *American Farm Bureau Federation*, 278 F.R.D. at 110 (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538, n. 10, (1972)); *Kleissler,* 157 F.3d at 972. The possibility of divergence between the interests of the movant and the existing parties "need not be great," and the movant's burden on this prong is minimal. *Id.*

While Novatel Wireless, Sprint and AT&T share an interest in defending against IV's allegations of infringement, no entity has a greater incentive to exonerate Novatel Wireless's product than Novatel Wireless, itself. *See, Teague v. Bakker,* 931 F.2d 259, 262 (4th Cir. 1991) (finding intervention as of right allowed when existing parties might be "less vigorous" than intervenors in defending their claims). Sprint and AT&T cannot be expected to defend plaintiff's allegations as vigorously as Novatel Wireless. Sprint and AT&T do not design, develop or manufacture the accused MiFi products and thus do not have in-depth knowledge regarding their configuration and operation. Simply put, Sprint and AT&T lack Novatel Wireless's depth of understanding of Novatel Wireless's own products. Courts recognize that in such circumstances, a product developer's interests cannot be adequately represented by its customers accused of infringement. *See Honeywell,* 2005 WL 2465898, at *4 ("[b]ecause it is uniquely situated to understand and defend its own product, [the manufacturer's] interests are not adequately represented by existing parties to the litigation"); *Ancora Techs.*, 2008 WL 4326788 at *1 (granting software manufacturer's unopposed motion to intervene in infringement because, *inter alia*, manufacturer's interest was not adequately represented by the

existing Defendants because "none has comparable expertise or incentive to defend [manufacturer's] own software and technology"). IV has put *Novatel Wireless* products directly at issue in this litigation, but it chose to sue downstream resellers of the products. Given that IV has inserted Novatel Wireless products into these cases, each of the four prongs tips the balance of the scales heavily towards intervention. Novatel Wireless should be allowed to intervene as a matter of right to defend its products against IV's allegations of infringement.

## V. IN THE ALTERNATIVE, NOVATEL WIRELESS SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY

Alternatively, Novatel Wireless should be granted permissive leave to intervene under Rule 24(b)(2). The Court has broad discretion to permit intervention under Rule 24(b). *See Brody v. Spang*, 957 F.2d 1108, 1115 (3rd Cir.1992) (describing the standard for permissive intervention as "highly discretionary"). In deciding whether to permit Rule 24(b) intervention, "courts consider whether the proposed intervenors will add anything to the litigation." *See Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 463, 471 (M.D. Pa. 2005). Permissive intervention under Rule 24(b)(2) is allowed on timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2); *see also American Farm Bureau Federation*, 278 F.R.D. at 111 (permissive intervention granted given that intervenor's arguments "are congruent with the legal issues implicated in the main action").[9] In *Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006), for example, the developer of the accused software was permitted to intervene in a case accusing the developer's customer of patent infringement. There, the Court found that

---

[9] For the reasons set forth above, Novatel Wireless's motion to intervene is timely and will not prejudice the existing parties.

11

Microsoft's software "is a substantial part of an allegedly infringing system operated by [the customer]," and thus, was "central" to both the customer's and Microsoft's claim of non-infringement. *Id.* Given that the complaint in intervention involved the same product and the same defenses of non-infringement, invalidity and unenforceability, the Court allowed Microsoft to intervene permissively. *Id.*; *see also Int'l Bus. Machs. Corp.*, 1994 WL 706208 at *5 (allowing a manufacturer to intervene as a matter of right, or alternatively, permissively, in matter accusing its customer of infringement).

*Reid* compels the same conclusion here. Common factual and legal issues plainly exist; indeed, there are many, including:

- discovery concerning the patents-in-suit;
- discovery concerning Novatel Wireless's products;
- construction of the disputed terms in the patents-in-suit;
- whether any of the asserted claims of the patents-in-suit at issue are valid; and
- whether Novatel Wireless's products infringe the patents-in-suit at issue.

Given this extensive overlap, if the Court determines that Novatel Wireless is not entitled to intervene as of right, Novatel Wireless respectfully requests that the Court exercise its discretion to allow Novatel Wireless to intervene permissively to defend its products against IV's claims of infringement.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Novatel Wireless's motion for leave to intervene as a matter of right, or alternatively, leave to intervene permissively.

Dated: December 12, 2013

CONNOLLY GALLAGHER LLP

By: /s/ *Ryan P. Newell*
Arthur G. Connolly III (#2667)
Ryan P. Newell (#4744)
Kelly M. Conlan (#4786)
1000 West Street, Suite 1400
Wilmington, Delaware 19801
Tel: (302) 757-7300
Fax: (302) 757-7299
aconnolly@connollygallagher.com
rnewell@connollygallagher.com
kconlan@connollygallagher.com

Eric C. Rusnak
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Tel: (202) 778-9000
Fax: (202) 778-9100
eric.rusnak@klgates.com

Michael J. Bettinger
Holly A. Hogan
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220
michael.bettinger@klgates.com
holly.hogan@klgates.com

13